UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| WILLIAM H. BROOKS, ) <br> a/k/a William Seals, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> J. RAY ORMOND, Warden, ) <br> ) <br> Respondent. ) | Civil Action No. 6: 18-52-DCR <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate William H. Brooks, a/k/a William Seals,[1] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] This matter is pending for initial screening of the petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 1996, Brooks was found guilty of a conspiracy involving the kidnapping Michael Fullwood, a minor, transporting him across state lines, and demanding a ransom from his mother for his safe return. Brooks was sentenced to concurrent terms of 60 months, 240 months, 240 months, and life imprisonment, the maximum statutory terms allowed for his

---

[1] Petitioner appears before this Court as William Brooks, and the Bureau of Prisons' online Inmate Locator database (https://www.bop.gov/inmateloc/) identifies him by that name. However, he was initially prosecuted under the name William Seals, which was later determined to be an alias. To ensure completeness and accuracy in the Court's records, the Clerk of the Court will be directed to add "William Seals" as an alias designation for the petitioner.

-1-

convictions under 18 U.S.C. §§ 371, 1951, 875(b), and 1201(a), respectively. [Record No. 1-2 at 65]

The original indictment charged Brooks and others with using firearms during the commission of these offenses in violation of 18 U.S.C. § 924(c)(1), but the jury acquitted him of those charges. [Record No. 1-2 at 52] Nevertheless, during sentencing Brooks's offense level was increased by two levels pursuant to U.S.S.G. § 2A4.1(b)(3) because the trial court concluded that a dangerous weapon was used. More specifically, the Court found that a gun was pointed at the head of the minor victim, the defendants were armed during his confinement and were armed during the pickup of the ransom. *Id.* at 57. *United States v. Seals*, No. 1: 95-CR-284-RCL-1 (D.D.C. 1995). Brooks's convictions were upheld on direct appeal. *United States v. Seals*, 130 F. 3d 451 (D.C. Cir. 1997).

In his petition, Brooks invokes *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Nelson v. Colorado*, __ U.S. __, 137 S. Ct. 1249 (2017), in support of his argument that the trial court violated his rights under the Sixth Amendment and the Due Process Clause by enhancing his sentencing range based upon the use of a dangerous weapon, a fact not found by the jury and, in his view, in conflict with his acquittal by the jury of the § 924(c) counts. [Record No. 1-1] Having thoroughly reviewed Brooks's petition and supporting materials, the Court will deny relief sought for two reasons. First, his claims are not cognizable in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Second, Brooks's claims are meritless.

If a federal prisoner wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th

Cir. 2003). A habeas petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Title 28 of the United States Code, section 2255(e), provides a narrow exception to this prohibition if the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). The Sixth Circuit has held that this exception may only be invoked to challenge the enhancement of a sentence where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016). Brooks's claims do not satisfy the third element and, therefore, are not cognizable in this § 2241 proceeding.

Both *Descamps* and *Nelson* examined the contours of *constitutional* rights under the Sixth and Fourteenth Amendments, respectively, and did not involve interpretation of statutory provisions used to enhance Brooks's sentence. In addition, *Descamps* did not announce a "new rule" and does not apply retroactively to cases on collateral review for purposes of § 2241. *See United States v. Davis*, 751 F. 3d 769 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the

*Taylor*/*Shepard* approach, which some courts had misconstrued. *Id*. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."))[2]; *Abney v. Warden*, 621 F. App'x 580, 583-84 (11th Cir. 2015); *Ezell v. United States*, 778 F. 3d 762 (9th Cir. 2015); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014). Thus, his reliance on them to invoke § 2241 is wholly misplaced.

Even if this were not so, neither *Apprendi* nor *Nelson* provide Brooks with a viable basis for substantive relief. First, Brooks's reliance upon *Nelson* is perplexing. In that case, the Supreme Court held that a Colorado statute - which required a defendant whose conviction had been vacated to prove their innocence by clear and convincing evidence in order to obtain the refund of costs, fees and restitution paid pursuant to the invalidated conviction - violated the defendant's constitutional rights under the Due Process Clause of the Fourteenth Amendment. *Nelson*, 137 S. Ct. at 1255-57. The facts of *Nelson* are similar to Brooks's circumstances only in that Brooks was acquitted of criminal charges. The Supreme Court did note that due process required the state to establish more than the mere fact of the later-invalidated conviction to retain improperly seized funds. In Brooks's case, however, the trial court did find "more": it found by a preponderance of the evidence that a dangerous weapon

---

[2] *Hill* is not to the contrary, as the Sixth Circuit merely accepted for purposes of that particular case the government's concession of the issue. *Hill*, 836 F. 3d at 596 ("... the Government concedes that *Descamps* and *Royal* apply retroactively."). In light of that concession, the panel undertook no independent analysis and reached no binding conclusion on that legal question. It is a separate question whether it is ever appropriate for a federal trial or appellate court to uncritically accept a party's "concession" that a particular claim is or is not cognizable under § 2241. See *Chaplain v. Warden, U.S. Atty. Gen.*, 564 F. App'x 438 (11th Cir. 2014) ("we may no longer rely on the Government's concession [] [b]ecause the applicability of the savings clause is a threshold jurisdictional issue that cannot be waived.") (citing *Bryant v. Warden*, 738 F.3d 1253, 1271 (11th Cir. 2013)).

was used during the kidnapping. It is this finding to which Brooks really objects. Hence, his claim under *Nelson* is, at bottom, simply an *Apprendi* claim in different clothing. Regardless, Brooks's claim under *Nelson* asserts that his due process rights were violated, a claim he may pursue, if at all, in a second or successive motion under 28 U.S.C. § 2255; constitutionally-based claims are not of a kind cognizable in a § 2241 petition under the savings clause.

Brooks's invocation of *Apprendi* fares no better. In that case, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). Here, the use of several guns during the kidnapping of Michael Fullwood increased the sentencing range Brooks faced under the guidelines, but not beyond § 1201(a)'s statutory maximum of life imprisonment. It is well-established that the Constitution does not require that every fact used to decide upon a sentence within that broad range must be found by a jury beyond a reasonable doubt. *United States v. Johnson*, 732 F. 3d 577, 584 (6th Cir. 2013) ("*Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties").

This is plain from *United States v. Booker*, 543 U.S. 220, 233 (2005), which noted that a judge's "selection of particular sentences in response to differing sets of facts [does] not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." As the Fourth Circuit has aptly explained:

> While *Apprendi* affects the calculation of the statutory maximum sentence that may be imposed, it does not affect the calculation of the applicable sentencing guideline range. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines

> sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008), *cert. denied*, __ U.S. __, 129 S.Ct. 950, 173 L.Ed.2d 146 (2009); *see also United States v. Perry*, 560 F.3d 246, 258 (4th Cir. 2009) (holding that, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts may "continue to make factual findings concerning sentencing factors ... by a preponderance of the evidence" and consider acquitted conduct when applying the guidelines in an advisory fashion). As long as the sentence imposed does not exceed the maximum sentence authorized by the jury's verdict, the district court does not violate the Sixth Amendment by imposing a sentence based on a higher drug quantity than was determined by the jury. *See United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008).

*United States v. Izegwire*, 371 F. App'x 369, 374 (4th Cir. 2010). *See also Romero v. Warden Florence FCI*, 550 F. App'x 72, 74 (3d Cir. 2014) ("*Alleyne* involved mandatory statutory minimum sentences, not routine calculations under the Sentencing Guidelines of the kind that Romero has repeatedly sought to challenge."). Because the life sentence imposed was within the sentencing range established by 18 U.S.C. § 1201(a) based upon facts found by the jury beyond a reasonable doubt, Brooks's rights under the Sixth Amendment were not violated. *Booker*, 543 U.S. at 233. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to add "William Seals" as an alias designation for the petitioner.

2. William H. Brooks's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 26th day of March, 2018.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge